**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4239**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HERBERT  BRUCE BAILEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Orangeburg.  Margaret B. Seymour, District Judge.  (CR-03-402)

———————

Submitted: December 22, 2005          Decided:  December 28, 2005

———————

Before WIDENER, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Cameron  B.  Littlejohn,  Jr.,  Columbia,  South  Carolina,  for Appellant.  Jane Barrett Taylor, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Herbert Bruce Bailey pled guilty to distribution of 23.31 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Bailey to 100 months' imprisonment, five years of supervised release, and ordered payment of a $100 statutory assessment.[*] Bailey's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1067), stating that there are no meritorious grounds for appeal, but questioning whether the district court complied with the requirements of Fed. R. Crim. P. 11 in accepting Bailey's plea, and whether the sentence imposed was reasonable. Bailey was given an opportunity to file a pro se brief, and has asserted error pursuant to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

Bailey did not move in the district court to withdraw his guilty plea; therefore his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). We have carefully reviewed the transcript of the Rule 11 hearing and find no plain

_____

[*]The probation officer calculated a sentencing guideline range of 135 to 169 months' imprisonment founded on a base offense level of 38 (using a drug quantity of 5.5 kilos of crack cocaine and 3.2 kilos of powder cocaine), an adjusted offense level of 33, and a criminal history category of I. After careful consideration of the facts and evidence, the district court applied an additional three-level reduction to the offense level after considering the drug weight which Bailey admitted distributing, his sparse criminal record, and his lack of leadership involvement, with an attendant revised guideline range of 97 to 121 months.

error in the district court's acceptance of Bailey's guilty plea. See United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991).

We further find that the district court properly "consult[ed the] Guidelines and [took] them into account when sentencing," Booker, 125 S. Ct. at 767, that it made all the factual findings appropriate for that determination, considered the sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and imposed a sentence that was "within the statutorily prescribed range and . . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). Contrary to the assertions of Bailey and his attorney, the district court properly sentenced Bailey in compliance with the mandates of Booker and the sentence was reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bailey's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>